UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAY MCLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-CV-00105-LEW |
| | ) | |
| BERKLEY SPECIALTY INSURANCE, | ) | |
| COMPANY F/K/A BERKLEY | ) | |
| REGIONAL SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 9) AND MOTION FOR RULING OR HEARING ON PENDING MOTION FOR <u>SUMMARY JUDGMENT (ECF NO. 13)</u>**

On February 18, 2020, Jay McLaughlin (Plaintiff) filed a breach of contract action against Berkley Specialty Insurance Company (Defendant) in Penobscot County Superior Court. The complaint alleged that Defendant owed Plaintiff $92,807.29 for breach of an insurance contract. Defendant subsequently removed the action to this Court.

Before the Court are the Defendant's Motion for Summary Judgment (ECF No. 9) and the Defendant's Motion for Ruling or Hearing on Pending Motion for Summary Judgment (ECF No. 13). For the following reasons Defendant's Motion for Summary Judgment (ECF No. 9) is GRANTED and Defendant's Motion for Ruling or Hearing on Pending Motion for Summary Judgment (ECF No. 13) is MOOT.

## SUMMARY JUDGMENT FACTS

The summary judgment facts are drawn from the parties' stipulations, if any, and from their statements of material facts submitted in accordance with Local Rule 56. The Court will adopt a statement of fact if it is admitted by the opposing party and is material to the dispute. If a statement is denied or qualified by the opposing party, or if an evidentiary objection is raised concerning the record evidence cited in support of a statement, the Court will review those portions of the summary judgment record cited by the parties, and will accept, for summary judgment purposes, the factual assertion that is most favorable to the party opposing the entry of summary judgment, provided that the record material cited in support of the assertion is of evidentiary quality and is capable of supporting the party's assertion, either directly or through reasonable inference. D. Me. Loc. R. 56; *Boudreau v. Lussier*, 901 F.3d 65, 69 (1st Cir. 2018).

I am presented with the unusual scenario in which the non-moving party has failed to respond to the movant's statement of material facts. Accordingly, I will accept each of the Defendant's statements as true and admitted so long as they are properly supported by record evidence. D. Me. Loc. R. 56(f).

Defendant issued a commercial insurance policy (the Policy)[1] to "Jay McLaughlin Logging dba McLaughlin Logging and McLaughlin & Timber Trucking" for the period of December 3, 2015 to December 3, 2016. Def. S.M.F. ¶ 1. The Policy included a clause that stated "[n]o one may bring a legal action against us under this Coverage Part unless[] . . .

---

[1] Policy number BPK 0068305-22.

[t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." *Id.* ¶ 2.

On September 22, 2016, the Varney Agency notified the Defendant that on January 1, 2016, "[insured] hired a contractor to work on heating system. Contractor did something to cause soot and smoke damage and refused to pay for clean up." *Id.* ¶ 3. Defendant hired Hackett Adjustment, Inc. (Hackett) to assist with the investigation of Plaintiff's claim. *Id.* ¶ 4. Over the course of its six-month-long investigation, Hackett requested information from Plaintiff on multiple occasions and issued three reports to Defendants. *Id*. at ¶¶ 5-8. Defendant notified Plaintiff of its conclusion that the Policy did not provide for the claim by letter dated March 28, 2017. *Id.* ¶ 9.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that has the potential to determine the outcome of the litigation. *Id.* at 248; *Oahn Nguyen Chung v. StudentCity.com, Inc.*, 854 F.3d 97, 101 (1st Cir. 2017). To raise a genuine issue of material fact, the party opposing the summary judgment motion must demonstrate that the record contains evidence that would permit the finder of fact to resolve the material issues in its favor. *See Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) ("Unless the party opposing a motion for summary judgment can identify a genuine issue as to a material fact, the motion may end the case.").

Defendant argues that the current claim is time barred pursuant to the 'suit limitation provision' in the Plaintiff's policy which states that the Plaintiff is barred from bringing an action against Defendant unless the "action [was] brought within 2 years after the date on which the direct physical loss or damage occurred." Def.'s S.M.F. ¶ 2. Although the statute of limitations for civil actions in Maine is 6-years, *see* 14 M.R.S. § 752, the Maine Insurance Code allows insurance policies to establish a shorter limitations period in an action against an insurer. 24-A M.R.S.A. § 3002 (stating any action against an insurer must be commenced within two years after inception of the loss). Because Defendant is a foreign insurer,[2] its insurance contracts must also comply with 24-A M.R.S.A. § 2433 which "forbids a foreign insurer from requiring policy holders to file suits *less than* two years after a cause of action accrues." *Chapman v. Std. Fire Ins. Co.*, No. 1:11-cv-459-DBH, 2012 U.S. Dist. LEXIS 119687, at 4 n.3 (D. Me. Aug. 23, 2012) (emphasis in original). Here, the 'suit limitation provision' did not require Plaintiff to file his claim less than two years after the cause of action accrued, which comports with these statutes and renders the clause valid. Because I find that the 'suit limitation provision' is valid, I must now determine when the action accrued to determine this action's timeliness.

In an action for breach of contract against an insurer, the Maine Law Court has made it clear that the cause of action accrues when the insurer denies benefits. *Palmero v. Aetna Casualty & Surety Co.*, 606 A.2d 797, 798 (Me. 1992). Here, Defendant denied benefits on March 28, 2017 when it sent Plaintiff a letter setting forth its coverage determination.

---

[2] Berkley is incorporated under the laws of Delaware, with a principal place of business in Scottsdale, Arizona.

Def.'s S.M.F. ¶ 9. Therefore, Plaintiff had until March 28, 2019 to file a breach of contract claim against Defendant. Plaintiff waited until February 18, 2020 to file suit. This is clearly beyond the time to file suit set forth in the Policy and, therefore, the action is untimely under the plain terms of the insurance contract.

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF No. 9) is GRANTED. Defendant's Motion for Ruling or Hearing on Pending Motion for Summary Judgment (ECF No. 13) is MOOT.

**SO ORDERED.**

Dated this 20th day of January, 2021.

    /s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE